W. R. SARTOR, Appellee, v. VIOLA SMITH and H. L. SMITH, Appellants.

**Pleadings:** ABANDONMENT OF ISSUE. An issue of unfair trade is not presented by a petition alleging that plaintiff has the exclusive right to the use of a label because of his having adopted and registered the same as a trade mark, and where, upon the submission of the case in the appellate court, he concedes in argument that he has no valid trade mark, his cause of action fails.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

SUIT in equity for an accounting, and to enjoin defendants from using a trade mark, being a cigar label bear-

ing in large letters thereon the word " She," which was pasted on the inside lid of cigar boxes filled with cigars. The trial court' granted the relief prayed, and defendants appeal.— *Reversed.*

*Henry H. Griffiths,* for appellants.

*Orwig & Lane,* for appellee.

DEEMER, C. J.— This case was submitted on the same agreed statement of facts as *Sartor v. Schaden,* 125 Iowa 696 with this exception: In this it was agreed that defendants Smith procured labels from the firm of F. M. Howell & Co., of Elmira, N. Y., knowing them to have been stock labels, bearing the word " She," and caused to be added thereto the word " Smith's " before the word " She " thereon, and certain comment stating the cigars in the box to be made by union labor, and of good quality of tobacco. Some of the first goods gotten out by said Smiths did not have such additions to said label, but the goods not bearing the words " Smith's She " were mainly sold outside the city of Des Moines. All of the output of the said Smiths was sold to Mr. John P. Schaden, of Des Moines, Iowa, at wholesale, and he resold them to dealers in his territory until after he was enjoined by plaintiff herein. Defendants had a contract with said Schaden to take their entire product. Upon his being enjoined, as they had their entire means tied up in tools, tobacco, boxes, and some manufactured cigars, they sold some of their cigars to dealers in Des Moines, but did not state to any one that they were made by plaintiff. Both the defendants, who are husband and wife, make cigars, and did work on those so made and sold until enjoined herein by plaintiff. They still continue to make and sell " She " cigars. On a few of the labels they used early in the year 1902, and before this suit, they stamped the words " Original," but afterwards added only the word " Smiths " both before and after the commencement of this suit. The decree

was the same in this as in the Schaden Case, and the defendants appealed.

In oral argument before this court, plaintiff's counsel conceded that he had no case, unless based upon the theory of unfair trade. He now makes no claim to a valid trade mark, and, unless the issue of unfair trade is in the case, plaintiff must fail. Turning to the petition, which we need not here set out in extenso, it appears that his entire cause of action is bottomed on his having the exclusive right everywhere in this jurisdiction to the use of the label described in the Schaden Case, because of his having adopted and registered it as a trade mark. He is not relying on any secondary meaning of the word, but upon a property right therein growing out of the fact that it has been registered by him as a trade mark. The prayer of the petition is for the protection of his trade mark, and there is no suggestion of trade name or unfair competition. When a motion was made to dissolve the temporary writ of injunction issued in the case, he stated in his resistance thereto that he was entitled to the use of the label as a trade mark, and relied fundamentally on registration of such trade mark in Iowa. The complaint does not make a case of unfair trade, and consequently there is nothing here to consider. Plaintiff has admitted his case away, and has nothing to stand upon. Even if he were insisting upon the rule of unfair trade, the case is so different from the Schaden Case in its facts regarding the use made of the label by the defendants that we should hesitate to affirm the decree. The label used by the defendants bore such other marks as to clearly distinguish it from the one used by the plaintiff, and it is doubtful if one in the use of ordinary care could have been deceived thereby. But this matter is not before us for decision. Suffice it to say that plaintiff pleads and relies upon a registered trade mark, and now concedes in argument that he has no case for the establishment of exclusive, State-wide rights therein.

The decree must therefore be reversed, and the cause remanded.— Reversed.